UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN HOWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:16-cv-104-WCL |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Kevin Howell, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISO 15-10-21) where the Disciplinary Hearing Officer (DHO) found him guilty of the A-100 offense of Violation of Law on October 21, 2015. ECF 1 at 1. The Conduct Report charged Howell with possession of a synthetic drug lookalike. ECF 1-1 at 1. As a result, he was sanctioned with the loss of 60 days earned credit time. *Id.* Howell lists three grounds in support of his petition. ECF 1 at 2.

In Ground One, Howell argues that there is insufficient evidence upon which to find him guilty because there is "no test for lookalike substance." *Id.* However, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum

of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786.

Howell is not entitled to relief on the basis of Ground One because there was sufficient evidence to support the disciplinary finding. The Conduct Report explains that on October 11, 2015, Officer Lain "confiscated a leafy plant like material from offender Howell, # 173273." ECF 1-1 at 1. Officer Lain then "retrieved the confiscated item from the evidence locker" and employed the "Sirchie Nark II Presumptive Field Test # 23." *Id.* The report concludes, "[t]he testing resulted in a negative finding. However, the packaging and appearance shows that the item is a lookalike synthetic drug. Possession of said substance is a violation of Indiana Criminal Law as pursuant to IC 35-48-4-11.5." *Id.*

The Indiana Code states:

> Sec. 11.5. (a) As used in this section, "synthetic drug lookalike substance" has the meaning set forth in IC 35-31.5-2-321.5(a)(2).
>
> (b) A person who possesses a synthetic drug or synthetic drug lookalike substance commits possession of a synthetic drug or synthetic drug lookalike substance, a Class B infraction.
>
> (c) A person who knowingly or intentionally possesses a synthetic drug or synthetic drug lookalike substance commits possession of a synthetic drug or synthetic drug lookalike substance, a Class A misdemeanor. However, the offense is a Level 6 felony if the person has a prior unrelated conviction under this section or under section 10.5 of this chapter.

IC 35-48-4-11.5. Indiana Code 35-31.5-2-321.5(a)(2) defines a "synthetic drug lookalike substance" as: "[a] substance, other than a synthetic drug: (A) that a person knows or should have

known was intended to be consumed; and (B) the consumption of which the person knows or should have known to be intended to cause intoxication."

Based on the evidence identified in the Conduct Report, it was not arbitrary to have found Howell guilty. According to Howell's own statements during the disciplinary hearing, Officer Lain instructed Howell to get out of the shower for a shakedown. ECF 1-1 at 2. During the shakedown, Officer Lain discovered "1 packet made of paper containing a brown leafy substance, and 5 paper packets containing a green leafy substance…" ECF 1-1 at 7. While these substances tested negative for narcotics, Officer Lain concluded that the packaging and appearance of the leafy substances appeared to be a synthetic drug lookalike.

Based on this evidence, the DHO concluded that Howell was guilty of the charged infraction. *Id.* In finding against Howell the DHO stated, "I believe the [staff and confiscating officer's] reports to be true and that the items were found inside his property (shorts). Offender guilty of A 100." *Id.* This evidence, considered and relied upon by the DHO, constitutes "some evidence" and served as a sufficient basis to find Howell guilty of a disciplinary infraction. *See Webb*, 224 F.3d at 652.

Howell contends:

There is no test for synthetic drugs – what was found was oregano. The Department of Corrections is merely assuming from its appearance and packaging with no toxicology report supporting their claim. The Sirchi Nark II field test 23 is only for THC – which will always come back negative, thereby giving cause to assume that it is a lookalike substance.

ECF 1 at 2. Howell's assertions to the contrary, the small packets of leafy, plant-like substances appeared to Officer Lain to be a synthetic drug lookalike, and the DHO credited Officer Lain's conclusions. While there remains the possibility that the substance was oregano, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached

3

by the disciplinary board." *Superintendent*, 472 U.S. at 457. The DHO's credibility determination was supported by some evidence. Therefore, Ground One of Howell's petition is denied.

In Ground Two, Howell's petition asserts, "I was not charged or convicted of violating any Indiana Laws. So, how can I receive a conduct report for that behavior?" ECF 1 at 2. The Indiana Department of Corrections (IDOC) is authorized to discipline offenders in its custody. *See* Ind. Code 11-11-5 *et seq*. The IDOC classifies Violation of Law as an offense for which an inmate may be disciplined. Disciplinary Code for Adult Offenders, http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf. The offense is defined as follows: "[v]iolation of any federal, state or local criminal law (Must specify by name and criminal code number)." Disciplinary Code for Adult Offenders, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.   While Howell is correct that he was not charged or convicted with violating Indiana law, the IDOC did not make a criminal charge or conviction a predicate for the offense. As described above, the DHO determined that there was some evidence that Howell was in possession of a synthetic drug lookalike substance.

In Ground Three, Howell claims that he is entitled to relief on the basis that he received "multiple conduct reports for same offense." ECF 1 at 2. According to Howell, Officer Lain initially issued him a disciplinary ticket for Possession of a Controlled Substance in violation of B-202, and two days later the charge was upgraded to a Violation of Indiana Law pursuant to A-100. *Id.* Plaintiff argues, "[p]er the adult disciplinary policy you may not upgrade a report of conduct once a lesser report was been written." *Id.* However, the Department's failure to follow its own policy does not arise to a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271

4

F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, Howell is not entitled to habeas relief on the basis presented in Ground Three.

If Howell wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court **DENIES** the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4. The Clerk **DIRECTED** to close this case.

SO ORDERED.

ENTERED: April 10, 2017

                                               s/William C. Lee
                                              William C. Lee, Judge
                                              United States District Court